IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BOBBY JOE BOWEN, § <br> TDCJ No. 01619547, § <br> § <br>     Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br>     Respondent. § | Civil Action No. 7:17-cv-00174-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Bobby Joe Bowen pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

**BACKGROUND**

Petitioner Bobby Joe Bowen ("Bowen") is a prisoner confined in the Coffield Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. ECF No. 1 at 1. Bowen was convicted of aggravated robbery on November 16, 2009. *Id.* at 2. He did not file a direct appeal. ECF No. 8 at 4. Bowen appealed his conviction to the Texas Court of Criminal Appeals on March 6, 2017, and his appeal was denied without written order on December 20, 2017. *Id.* at 3; ECF No. 6-1; ECF No. 8 at 2. On December 29, 2017, he filed a Petition for a Writ of Habeas Corpus (the "Petition") with this Court, alleging ineffective assistance of counsel. ECF No. 1. Bowen asserts

that his trial counsel used emotional duress to compel him to sign the plea agreement for his aggravated robbery conviction and never met or spoke with him prior to voir dire. *Id.* at 6.

On January 5, 2018, this Court issued an Order Directing Preliminary Response on the issue of whether the petition is time-barred. ECF No. 4. Respondent filed a preliminary response and the state administrative record on February 5, 2018. ECF Nos. 6 and 8. Bowen filed a reply on February 23, 2018. ECF No. 12.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA and the one-year limitations period begins to run when the thirty-day period for filing a notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Bowen does not raise any substantive counterarguments to the issue of whether his Petition is time-barred. In the Petition itself, he argues that AEDPA does not bar his conviction because his trial counsel did not inform him that he waived his right to appeal, but that is inapposite to the question of the statute of limitations. ECF No. 1 at 9. In his reply, Bowen does not make any

arguments regarding the statute of limitations at all. *See* ECF No. 12. Bowen argues only the substance of his ineffective assistance of counsel claim, including that his defense counsel did not meet with him until voir dire, used emotional duress to force him to agree to a plea deal, and did not object to the prosecution's use of his juvenile record. *Id.*

Bowen was convicted on November 16, 2009. ECF No. 1 at 2. He did not file a direct appeal. ECF No. 8 at 4. Therefore his one-year limitations period began to run on December 16, 2009, and ended on December 16, 2010. *See* 28 U.S.C. § 2244(d)(1)(A). His later application to the Texas Court of Criminal Appeals in 2017 does not affect this deadline. *E.g. Villegas*, 184 F.3d at 472. The Petition was filed over seven years after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

Though Bowen did not address this issue, the undersigned will additionally consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). Bowen has alleged no facts that suggest rare and exceptional circumstances, as all of the alleged errors from ineffective assistance of counsel were apparent at the time of his conviction. *See Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *3 (N.D. Tex. Dec. 10, 2015), *report and recommendation adopted*, No. 3:15-CV-2000-D, 2016 WL 728812 (N.D. Tex.

3

Feb. 24, 2016) ("Petitioner's assertions of ineffective assistance of counsel at trial and on appeal . . . have no bearing on equitable tolling because the alleged ineffective assistance occurred long before the one-year limitations period elapsed. . . . In addition, Petitioner does not premise his claims of ineffective assistance of counsel on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations."). Equitable tolling is therefore not warranted in this case.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 14, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE